UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS ROSS BROWN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2937 (UNA) |
| ) | |
| SUJATHA SANKULA, ) | |
| ) | |
| Defendant. ) | |

FILED
JAN 13 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## MEMORANDUM OPINION

Plaintiff brings this action against a former supervisor who allegedly "harassed and agitated [him] so badly from July 2013 thru June 2019 [he] actually needed psychological counseling." Compl. at 3. Further, plaintiff alleges that defendant's actions caused him to "serious mental, emotional, and physical pain," *id.* at 4, as well as "seizures, high blood pressure, increased blood sugar levels and other health issues," *id.* at 3. In this action, which is brought against defendant in her individual capacity, *see id.*; *see also id.*, Ex. (ECF No. 1-1), plaintiff "is seeking to hold [defendant] accountable for mistreatment, discrimination, abuse, and retaliation that [she] forced [him] to endure over the years," and demands damages totaling $275,000, *id.* at 4.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party

seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

Aside from vague and sweeping assertions that defendant has violated the Constitution of the United States, *see, e.g.,* Compl., Ex. (ECF No. 1-1) (alleging "Violations of . . . Constitutional Rights ranging from his right to earn a living to equitably support his family"), the complaint lacks sufficient factual allegations to show that defendant has committed, or could be held liable for, the violation of a cognizable constitutional right.  And notwithstanding the assertion that the amount in controversy exceeds $75,000, plaintiff fails to establish diversity jurisdiction because both he and defendant are residents of Virginia.

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).  An Order is issued separately.

DATE: January 13, 2022              /s/
                                                        CHRISTOPHER R. COOPER
                                                        United States District Judge